UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD J. WEZA, individually and on behalf of others similarly situated,

    Plaintiff,

    v.

FASTENAL COMPANY,

    Defendant.

CASE NO. C13-5315 BHS

ORDER GRANTING MOTION TO REMAND

This matter comes before the Court on Plaintiff Richard Weza's ("Weza") motion to remand (Dkt. 15). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On March 21, 2013, Weza filed a complaint in Pierce County Superior Court for the State of Washington alleging that Defendant Fastenal Company ("Fastenal") had failed to properly compensate Weza for all hours worked. Dkt. 1, ¶¶ 4, 9.

ORDER - 1

1       On April 25, 2013, Fastenal removed the matter to this Court on a good faith

2 belief that Weza seeks damages in excess of the jurisdictional minimum. *Id.* ¶ 8.

3       On May 22, 2013, Weza filed a motion to remand. Dkt. 15. On June 10, 2013,

4 Fastenal responded. Dkt. 20. On June 13, 2013, Weza replied. Dkt. 22.

## II. DISCUSSION

6       The removal statute is strictly construed against removal and any doubt must be

7 resolved in favor of remand. *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988).

8       In this case, the issue of whether to remand turns on the amount of attorney's fees

9 that may be attributed to Weza. While the parties dispute the estimated amount of

10 Weza's claims, it is undisputed that, even under Fastenal's assumptions, the amount of

11 Weza's actual damages falls below the jurisdiction limit of $75,000. *See* Dkt. 20 at 7

12 ("Plaintiffs total wage-related damages at issue at the time of removal are $45,033.56").

13 Therefore, the amount of Weza's reasonable attorney's fees, which he may recover in

14 wage disputes, must exceed approximately $30,000.[1]

15       With regard to reasonable attorney's fees in class action disputes, the Ninth Circuit

16 Court of Appeals has held that for the purpose of determining the amount in controversy,

17 anticipated attorney's fees must be allocated on a pro rata basis among all class members.

18 *See, e.g., Goldberg v. CPC Intern., Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (rejecting

19 argument "that the potential attorneys' fees should be attributed to the named plaintiffs

---

[1] Although Fastenal includes prejudgment interest in its calculations, the amount of recovery must exceed the jurisdictional amount "exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a).

ORDER - 2

only, rather than pro rata to each class member"). *Accord: Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 455 n. 5 (5th Cir. 2001) (with regard to determining the amount in controversy, "[t]he standard approach to awards of attorney's fees in a class action context is to distribute them pro rata to all class members, both named and unnamed"); *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1083 (11th Cir. 2000) ("the amount of claimed attorney fees . . . must be divided out among the total number of class members for amount in controversy purposes."). Weza contends that there are a minimum of twenty other potential class members. Dkt. 15 at 7. Based on these numbers, the class's attorney's fees must be in excess of $600,000 in order for Weza's pro rata share to exceed $30,000. Even at Weza's counsel's wages ($350 per hour), it is unreasonable to assume that the total fees would approach $600,000. Therefore, the Court grants Weza's motion because Fastenal has failed to show that Weza's damages and pro rata share of fees exceeds the jurisdictional minimum.

### III. ORDER

Therefore, it is hereby **ORDERED** that Weza's motion to remand (Dkt. 15) is **GRANTED**. The Clerk shall remand this matter to Pierce County Superior Court.

Dated this 18th day of June, 2013.

BENJAMIN H. SETTLE
United States District Judge